Prob 12A (10/16)
VAE (07/26)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Jason K. Nketia Docket No. 1:26-mj-167

**Petition on Probation**

COMES NOW Samuel C. Britt, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Jason K. Nketia, who was placed on Probation supervision by the Honorable William B. Porter, United States Magistrate Judge, sitting in the Court at Alexandria, Virginia, on the 14th day of July 2026, who fixed the period of supervision at twelve (12) months, and imposed mandatory and standard conditions as well as the special condition as follows:

****SEE PAGE 2**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
**See Attachment(s)**

**PRAYING THAT THE COURT WILL ORDER** a SUMMONS ~~warrant~~ to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

~~**It is hereby ORDERED** that the petition, with its attachment and arrest warrant be sealed. **It is further ORDERED** the petition, its attachment and arrest warrant shall remain sealed until the warrant is executed, at which time the petition, its attachment and warrant, should be unsealed and made part of the public record.~~

~~**Bond Recommendation: None**~~

**The Summons is returnable to Thursday, November 12, 2026, at 10:00 a.m.**

**ORDER OF COURT**

Considered and ordered this 15th day of Oct., 2026 and ordered filed and made a part of the records in the above case.

/s/
William B. Porter
United States Magistrate Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: October 14, 2026

Samuel Britt Digitally signed by Samuel Britt
Date: 2026.10.14 07:52:05 -04'00'

Samuel C. Britt
U.S. Probation Officer
(703) 299-2310

Place Alexandria, Virginia

**TO CLERK'S OFFICE**

**RE: Nketia, Jason K.**

OFFENSES: Purchasing/Possessing Alcoholic Beverages Unlawfully, 18:13 4.1-305; & Driving without a valid operator's license, 18:13 46.2-30.

SENTENCE: On July 14, 2026, the defendant appeared before Your Honor and was sentenced to a term of twelve (12) months of supervised probation with the following special conditions:

1. Refrain from any use of alcohol;
2. Participate in and successfully complete an Alcohol Safety Action Program or another alcohol treatment program as deemed appropriate by probation;
3. Undergo alcohol testing and treatment as recommended by your probation officer;
4. Undergo remote alcohol testing as directed by your probation officer;
5. You shall not operate a motor vehicle unless licensed to do so and for traveling to and from:
    a. Employment-related purposes
    b. Medical appointments
    c. Religious services
    d. Court and/or probation appointments
    e. As permitted by probation; and
6. Must complete 50 hours of community service in lieu of fine.

Mr. Nketia was also assessed for a $35.00 special assessment fee, and according to OPERA, this fee is still outstanding.

ADJUSTMENT TO SUPERVISION: Mr. Nketia's supervision commenced on July 14, 2026. The defendant's adjustment to supervision has been unsatisfactory based on the violation section below.

Mr. Nketia advised the undersigned at his intake appointment that he was employed with a contracted security company to work as security for a Rolex store in the Pentagon City Mall. The defendant reported he has obtained a license to carry a firearm at this position and is waiting for a "card from DCJS," to start carrying at this employer. This officer informed the defendant that the position would not be approved by this office, as he would be in violation of standard condition #10.

The defendant then informed the undersigned on September 28, 2026, he is awaiting confirmation of employment from Sentry Force. According to Mr. Nketia, this is an unarmed position, and the undersigned has expressed urgency for confirmation on that matter.

Regarding Mr. Nketia's other conditions of supervision, the defendant has failed to update this officer on the progress of his community service hours. He completed the Virginia Alcohol Safety Action Program on July 26, 2026, and supervision with that office on September 25, 2026. Mr. Nketia's drug testing condition was waived by the Court, and his last breathalyzer test was conducted on August 11, 2026, which returned 0.00%.

**RE: Nketia, Jason K.**

VIOLATIONS: The following violations are submitted for the Court's consideration:

**MANDATORY CONDITION #1: YOU MUST NOT COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME.**

**STANDARD CONDITION #9: IF YOU ARE ARRESTED OR QUESTIONED BY A LAW ENFORCEMENT OFFICER, YOU MUST NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS.**

**SPECIAL CONDITION #1: REFRAIN FROM ANY USE OF ALCOHOL.**

Multiple supervised release notifications were received on Saturday, October 10, 2026, through Sunday, October 11, 2026, which revealed the defendant had contact with law enforcement. In response, Fairfax County Police Officer James Reif emailed this officer advising he "arrested Mr. Nketia for drunk in public and contributing to the delinquency of a minor."

A computerized record check was conducted on October 13, 2026, which revealed the new charge as "18.2-371 Render Child Del, Abuse, Neglected, Services FAM-4007-M1." Police records have been requested and remain pending as of this writing. According to the VINE Link, the defendant bonded out on October 11, 2026, at 8:32 a.m., and has a court appearance scheduled for November 10, 2026, at 9:30 a.m. for the Drunk in Public offense.

Further investigation also revealed Mr. Nketia incurred another charge of Riding Train Without Permit, 18.2-160.1 on September 7, 2026. This case is being heard on October 14, 2026, for adjudication.

Be advised, the defendant has failed to contact this officer an inform him of his arrest since this occurrence.

SCB/cmf/be